UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80127 CIV-Ryskamp/Vitunac

NATIONAL PUBLIC SERVICES CORP.,

       Plaintiff,

v.

FEDCAR COMPANY, LTD., AN OHIO
LLC., CARNEGIE MANAGEMENT AND
DEVELOPMENT CORP.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Plaintiff's motion to dismiss Defendants' counterclaims **[DE 5]** filed on March 5, 2007. Defendants responded **[DE 6]** on March 12, 2007. Plaintiffs never replied. The matter is now ripe for adjudication.

Plaintiff argues that each count of the counterclaim should be re-pled because the Defendants filed a shotgun pleading which is prohibited under the rules. Specifically, Defendants have incorporated by reference each of the previous counts in every subsequent count.

In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In other words, the complaint need not spell out the alleged facts with exactitude. *See Quality Foods de Centro America v. Latin American Agribusiness Dev. Corp.,*

711 F.2d 989, 995 (11th Cir. 1983). So long as the Defendants understand the allegations against them, the pleading is sufficient.

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement if a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading..." Motions for more definite statement are disfavored under the liberal notice pleading approach in the Federal Rules of Civil Procedure; rather, discovery is the correct vehicle to obtain information necessary for trial. *See, e.g., Erickson v. Hunter*, 932 F. Supp. 1380, 1385 (M.D. Fla. 1996). In other words, a motion for more definite statement is not a substitute for discovery. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959); *Herman v. Continental Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura Cable Corp. v. Rifkin/Narragansett South Florida CATV Ltd. Partnership*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996); *see also S.E.C. v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D. Fla. 2000) (touchstone for Rule 12(e) motion is unintelligibility, not lack of detail). Indeed, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (citations omitted). As such, motions for more definite statement are rarely granted. *See, e.g., Aventura*, 941 F. Supp. at 1195 ("Federal courts generally disfavor such motions."); *Butler v. Matsushita Communication Industrial Corp. of U.S.*, 203 F.R.D. 575, 584 (N.D. Ga. 2001) (noting that class of pleadings that are appropriate subjects for a Rule 12(e) motion is "quite small").

In this case, although the Defendant may have drafted the counterclaim sloppily, Plaintiff has sufficient notice so that a granting a motion to dismiss would be improper. Moreover, there

is no need to replead the counterclaim. Plaintiff is the only party to whom the counterclaim is alleged against. Moreover, there are a limited number of paragraphs and counts, each of which are distinguishable from the others. Accordingly, it is hereby,

**ORDERED** AND **ADJUDGED**:

1.  Plaintiff's motion **[DE 5]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 23 day of March, 2007.

                                                               Kenneth L. Ryskamp
                                                       KENNETH L. RYSKAMP
                                                  UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record